## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KENNETH GAILLARD,                    :

      Petitioner,                 :

v.                                   :

                              CIVIL ACTION 05-0076-BH-C

GWEN MOSLEY,                         :

      Respondent.                 :

## REPORT AND RECOMMENDATION

Kenneth Harvey Gaillard, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his conviction in August 2002 by a jury in the Circuit Court of Mobile County, Alabama, for the offense of robbery in the first degree for which Petitioner received a sentence of life imprisonment without the possibility of parole. (Doc. 13, Ex. C). This matter is now before the Court on Petitioner's petition, Respondent's answer, Petitioner's response to Respondent's answer, the trial court record, opinions and orders of the state trial and appellate courts, opinions and orders of this Court, and various briefs of the parties in the state court proceedings.[1]

---

[1]Following a careful review of the record and exhibits before the Court, the undersigned Magistrate Judge has concluded that there are sufficient facts and information upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required upon the issues. Keeney v. Tamayo-Reyes, 504 U.S. 1, 11 (1992).

# I. FINDINGS OF FACT

1.      Petitioner was indicted by a Mobile County, Alabama Grand Jury on February 8, 2002, for the crime of robbery in the first degree in violation of Alabama Code § 13A-8-41(a)(1).[2]  (Doc. 15, Ex. A, Vol. 1 at 6, Indictment).  On May 15, 2002, attorney Sid Harrell was appointed to represent Petitioner.[3]  (Doc. 15, Ex. A, Vol. 1 at 2). On May 22, 2002, the trial court granted a motion by the State to consolidate Petitioner's trial with that of two co-defendants. (Doc. 15, Ex. A, Vol. 1 at 2).  On June 19, 2002, Petitioner was tried and convicted of robbery 1st degree.[4]  (Doc. 15, Ex. A, Vol. 1 at 1, 3-4, and 7).

2.      Petitioner was sentenced on August 2, 2002, to life imprisonment without the possibility of parole.  (Id. at 4; doc. 13, ex. C).  On or about October 11, 2002,

---

[2]The indictment states as follows:

Kenneth Harvey Gaillard...did in the course of committing a theft of property to-wit: **lawful United States currency**, the property of **Sweet Things** use or threaten the imminent use of force against the person of **Cynthia Grooms**, with intent to compel acquiescence to the taking of or escaping with the property, while the said Kenneth Gaillard or another participant was armed with a deadly weapon or dangerous instrument, to-wit: **a gun**, in violation of § 13A-8-41(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama.

[3]Previously, attorney John Thompson had been appointed to represent Petitioner, but was relieved of the appointment on May 13, 2002.  (Doc. 15, Ex. A, Vol. 1 at 2).

[4]The evidence indicated that Petitioner entered a business named Sweet Things, and, while holding a gun, robbed the store of its cash.  The evidence further indicated that Petitioner did not act alone, but instead, had help from two additional individuals.  One co-defendant accompanied Petitioner into the store at the time of the robbery, and the other co-defendant waited in the car.  (Doc. 15, Ex. A, Vols. 1 and 2).

Petitioner's court appointed counsel, attorney Glenn Davidson, filed an appeal with the Alabama Court of Criminal Appeals pursuant to Anders v. California,[5] wherein counsel stated that after reviewing the record on appeal, he was unable to identify "any meritorious issues to advance" in Petitioner's appeal.  (Doc. 13, Ex. B, Brief). Petitioner's conviction and sentence were affirmed on appeal by the Alabama Court of Criminal Appeals on February 21, 2003.  (Doc. 13, Ex. C, Memorandum Opinion).  In its opinion, the appellate court stated as follows:

> The appellant appeals from his conviction for robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975.  He was sentenced as a habitual offender to life imprisonment without parole.

> The appellant's newly appointed appellate counsel has filed a "no merit" brief, in substantial compliance with Anders v. California, 386 U.S. 744 (1967), stating that after a conscientious review of the record, he can find no meritorious issues to advance on appeal.

> After examining the record and the appellant's brief, this Court is in agreement with appellate counsel that there are no issues contained therein which could be deemed meritorious on appeal.

(Doc. 13, Ex. C).  Thereafter, on March 11, 2003, the Alabama Court of Criminal Appeals issued a certificate of judgment.  (Doc. 13, Ex. D, Certificate).

3.      On July 17, 2003, Petitioner filed *pro se* a Rule 32 petition in the Mobile County Circuit Court containing the following grounds for relief:

---

[5]Anders v. California, 386 U.S. 744 (1967).

(1) ineffective assistance of trial and appellate counsel for failure to object or raise on appeal that the consolidation of petitioner's trial with those of his co-defendants violated his right to confront witnesses against him; (2) ineffective assistance of trial and appellate counsel for failure to call alibi witnesses or failure to raise on appeal that trial counsel was ineffective by failing to call alibi witnesses; (3) ineffective assistance of trial counsel for failure to advise petitioner of possible in-court identification from the victim; (4) prosecutorial misconduct for failure to disclose material evidence, and (5) ineffective assistance of trial counsel for failure to object to prosecutor's failure to disclose material evidence.

(Doc. 15, Ex. E, Rule 32 Petition, at 6, 11-39).

4.    On March 19, 2004, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Petitioner's Rule 32 petition. (Doc. 13, Ex. I, Memorandum Opinion).  The Court concluded that Petitioner had failed to allege "facts with sufficient specificity" pursuant to Rules 32.3 and 32.6 of the Alabama Rules of Criminal Procedure.  (Id.).

5.    Petitioner then filed a petition for writ of certiorari with the Alabama Supreme Court on April 21, 2004, in which he raised the following issues: (1) ineffective assistance of trial and appellate counsel for failing to object or raise on appeal the consolidation of case with co-defendants in violation of the confrontation clause; (2) ineffective assistance of trial and appellate counsel for failure to question alibi witnesses and failure to raise the issue on appeal; (3) denial of equal protection when prosecutor failed to disclose discovery material essential to the defense.  (Doc. 13, Ex. K, Petition for Writ of Certiorari).

4

6.      The petition for writ of certiorari was denied without opinion on June 11,

2004.  (Doc. 13, Ex. L).  The Alabama Supreme Court issued a certificate of final

judgment on June 14, 2004.  (Doc. 13, Ex. M, Certificate).

7.      On February 9, 2005, Petitioner filed the instant federal habeas corpus

petition attacking his conviction and sentence, asserting the following four claims as

bases for federal habeas relief: (1) ineffective assistance of trial counsel which resulted in

violation of his Fifth, Sixth, and Fourteenth Amendment rights in that appointed counsel

Sid Harrell, Esquire, failed to object and/or attempt to prevent the trial court from

consolidating Petitioner's case with that of co-defendants (Doc. 1, Petition, Ground One);

(2) ineffective assistance of trial and appellate counsel because trial counsel failed to

examine Petitioner's alibi witness at trial, which was his only defense;  (Doc. 1, Ground

Two); (3) ineffective assistance of trial counsel during plea bargaining stages because

trial counsel allegedly failed to advise Petitioner of the possibility of an in court

identification and ineffective assistance of appellate counsel because he failed to raise this

issue on appeal (Doc. 1, Ground Three); and (4) violations of due process and equal

protection of the law because the prosecutor failed to disclose discovery material

prejudicial and crucial to the preparation of Petitioner's defense, and in connection,

ineffective assistance of trial and appellate counsel because counsel failed to object to or

raise on appeal the failure to object to the prosecutor's misconduct.   (Doc. 1, Ground

Four).

8.      Respondent contends that Petitioner's claims are procedurally defaulted, as

5

Petitioner, in state court, failed to provide specific allegations in support of his claims as required by Rule 32 of the Alabama Rules of Criminal Procedure.  (Doc. 13, Respondent's Answer).

## II. CONCLUSIONS OF LAW

1.      As outlined above, Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising four federal constitutional claims.  For the reasons set forth below, the Court finds that petitioner is not entitled to habeas relief on the basis of any of these claims.

### Exhaustion/Procedural Default

2.      Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims.  Id. at 848.

3.      In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30
> L. Ed. 2d 438 (1971), we said that exhaustion of state
> remedies requires that petitioners "fairly presen[t]" federal

6

> claims to the state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged violations of
> its prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to
> correct alleged violations of prisoners' federal rights, they
> must surely be alerted to the fact that the prisoners are
> asserting claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary ruling at
> a state court trial denied him the due process of law
> guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

4.     The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40. The threshold question here, then, is whether Petitioner fully and fairly presented his federal habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process.

5.     The record reflects that Glenn Davidson was appointed to represent Petitioner on appeal, and that after a thorough review of the file, attorney Davidson filed a "no merits" brief pursuant to Anders v. California, 386 U.S. 744 (1967), wherein counsel stated that after reviewing the record on appeal, he was unable to identify "any meritorious issues to advance" in Petitioner's appeal. (Doc. 13, Ex. B). The Alabama

Court of Criminal Appeals agreed with attorney Davidson, and affirmed Petitioner's

conviction and sentence on February 21, 2003.  (Doc. 13, Ex. C).

      6.     Petitioner filed a petition for post-conviction relief pursuant to Rule

32 of the <u>Alabama Rules of Criminal Procedure</u> asserting essentially the basic claims that

he makes in this habeas action, those being that he received ineffective assistance of trial

counsel when appointed counsel failed to object or attempt to prevent the trial court from

consolidating Petitioner's case with that of co-defendants, ineffective assistance of trial

and appellate counsel because trial counsel failed to call Petitioner's alibi witness,

ineffective assistance of trial and appellate counsel during plea bargaining stages because

trial counsel allegedly failed to advise Petitioner of the possibility of an in court

identification and appellate counsel failed to raise this issue, and finally violations of due

process and equal protection of the law because the prosecutor failed to disclose relevant

discovery material, and further ineffective assistance of trial and appellate counsel

because counsel failed to object to the prosecutor's misconduct and raise the issue on

appeal.   (Doc. 1).

      7.     While it appears that Petitioner raised his federal habeas claims in state

court, Respondent argues that because Petitioner failed to raise his claims *properly* in

state court, Petitioner's claims are procedurally defaulted.  Specifically, Respondent

argues that in Petitioner's petition for post-conviction relief pursuant to Rule 32 of the

<u>Alabama Rules of Criminal Procedure</u> in state court, Petitioner failed to provide specific

allegations in support of his claims as required by Rule 32.  (Doc. 13). After a thorough

review, the Court agrees.

8.      A state prisoner may be procedurally defaulted even if he raised his habeas claim in state court, if he raised the claim improperly.  If a state prisoner raises his claim in state court, but fails to raise it in an appropriate state procedural manner and is denied relief on the basis of an independent and adequate state procedural rule, he is barred from federal habeas relief unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991) and Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).

9.      In the present action, the record reflects that Petitioner did raise each of his habeas claims in his petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.（Doc. 15, Ex. E at 6, 11-39）.   Regarding these claims, the trial court denied Petitioner's request for relief, holding that the claims were insufficiently pleaded pursuant to Rule 32.3 and Rule 32.6(b) of the Alabama Rules of Criminal Procedure, that Petitioner's claims of ineffective assistance of counsel failed to meet the Strickland test, and further that there was no merit to Petitioner's claims.  (Id., Ex. E at 45-46)  Petitioner then appealed to the Alabama Court of Criminal Appeals, which denied his request for relief, agreeing with the trial court that Petitioner's claims were procedurally insufficient and lacked merit, and explaining the following:

>           As for Gaillard's claims that he received ineffective
> assistance of counsel at trial and on appeal, Gaillard is not
> entitled to any relief on those claims.  In Strickland v.

<u>Washington</u>, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden to show (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. Additionally, "[t]he standards for determining whether appellate counsel was ineffective are the same as those for determining whether trial counsel was ineffective." <u>Jones v. State</u>, 816 So. 2d 1067, 1071 (Ala. Crim. App. 2000), citing <u>Ex parte Dunn</u>, 514 So. 2d 1300, 1303 (Ala. 1987).

Rule 32.3, Ala. R. Crim. P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala. R. Crim. P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

> "An evidentiary hearing on a [Rule 32] petition is required only if the petition is 'meritorious on its face.' <u>Ex parte Boatwright</u>, 471 So. 2d 1257 (Ala. 1985). A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. <u>Ex parte</u>

> Boatwright, supra; Ex parte Clisby, 501 So. 2d
> 483 (Ala. 1986)."

Moore v. State, 502 So. 2d 819, 820 (Ala. 1986).

Here, Gaillard did not allege – with regard to any of his ineffective-assistance-of-counsel allegations – facts with sufficient specificity to demonstrate how any alleged "errors" by his trial counsel were deficient or how they might have prejudiced his defense to the extent required to substantiate a claim under Strickland.  In fact, with regard to several of the grounds alleged in his petition, Gaillard appears to concede that trial counsel's actions were strategic decisions.  Although Gaillard takes issue with the success, or lack thereof, of that strategy, it is well-settled that "[t]rial counsel should have the broadest discretion in all matters of trial strategy."  Vinson v. State, 494 So. 2d 175, 177 (Ala. Crim. App. 1986).  Additionally,

> "'[a] mere difference of opinion between the
> appellant and her trial counsel as to trial strategy
> is insufficient to render counsel's performance
> ineffective under the Strickland test.  Stone v.
> State, 579 So. 2d 702 (Ala. Crim. App. 1991).
> Furthermore, counsel may reasonably avoid
> presenting evidence or defenses for a number of
> sound reasons that lead him to conclude that the
> evidence or defense may do more harm than
> good.  Cade v. State, 629 So. 2d 38 (Ala. Crim.
> App. 1993), cert. denied, 511 U.S. 1046, 114 S.
> Ct. 1579, 128 L. Ed. 2d 221 (1994).'"

"Moore [v. State], 659 So. 2d [205,] 209 [(Ala. Crim. App. 1994)]."

Patrick v. State, 680 So. 2d 959, 962 (Ala. Crim . App. 1996).  Further, appellate courts "judge the reasonableness of such tactics or strategy from the circumstances as they would have been perceived by the defense at the time for preserving error rather than at a later time in hindsight."  Ex parte Mason, 768 So. 2d 1008, 1012 (Ala. 2000).

11

Moreover, although Gaillard attempts to include more specific facts in his brief on appeal, those facts are not properly before this Court for review because they were not included in this petition.  See, e.g., Bearden v. State, 825 So. 2d 868, 872 (Ala. Crim. App. 2001) ("Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his brief to this Court, those allegations are not properly before this Court for review because Bearden did not include them in his original petition before the circuit court.").

Gaillard had the burden of pleading sufficient and specific facts indicating that counsel's actions were deficient and that he was prejudiced as a result; this Court will not presume prejudice merely because a conviction resulted.  He failed to meet the pleading requirements of Rule 32.3 and the specificity requirements of Rule 32.6(b).  Thus, the circuit court properly denied these claims without an evidentiary hearing.[6]

As for Gaillard's Brady and discovery claims, he is not entitled to any relief.  In addition to Gaillard's failure to plead sufficient and specific facts pursuant to Rules 32.6(b) and 32.3, those claims are also barred by various provisions of Rule 32.2, Ala. R. Crim. P.  Suffice it to say, after a review of Gaillard's petition and the arguments contained in the record before this Court, Gaillard is not entitled to any relief on these claims.

---

[6]"To the extent that Gaillard intended the argument in his brief to constitute a separate challenge to his underlying allegations regarding the consolidation of his trial with his two co-defendants and alleged Bruton v. United States, 391 U.S. 123 (1968), problems arising therefrom, we note that those allegations were argued in his petition under the auspices of an ineffective-assistance-of-counsel claim rather than as an independent substantive claim.  Thus, to the extent that he intended to raise these grounds independently from his ineffective assistance-of-counsel claims, these claims are not properly before this Court on appeal.  See, e.g., Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.")."

12

Gaillard also contends that the circuit court erred when it summarily denied his petition before receiving his rebuttal to the State's answer.  However, Rule 32.7(d), Ala. R. Crim. P., provides that "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief ... the court may either dismiss the petition or grant leave to file an amended petition."  Where appropriate, the circuit court may summarily dismiss a Rule 32 petition on any of the above-stated grounds before the State files an answer.  See Bishop v. State, 608 So. 2d 345, 347-48 (Ala. 1992) (holding that where a simple reading of a petition for postconviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court may summarily dismiss that petition without requiring a response from the district attorney).  Logically, if the circuit court may, under appropriate circumstances, dispose of a petition for postconviction relief before receiving an answer from the State, it may also dispose of the petition before a petitioner files a rebuttal to the assertions in the State's answer.

...

Finally, Gaillard contends that the circuit court's order denying his petition was deficient because, he says, it did not include specific findings of fact regarding the merits of his claims.  However, because Gaillard did not first raise the issue of sufficiency of the circuit court's order in the circuit court, it is deemed to be waived.  See Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991).

(Doc. 13, Ex. I).

10.    In determining whether a state court has denied a prisoner's claim based on

an independent and adequate state procedural rule, the Eleventh Circuit has established a

three-part test.  "First, the last state court rendering a judgment in the case must clearly

and expressly state that it is relying on state procedural rules to resolve the federal claim

without reaching the merits of that claim." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.

2001).  "Secondly, the state court's decision must rest solidly on state law grounds, and

may not be 'intertwined with an interpretation of federal law.'" Id.   The Eleventh Circuit

has held, however, that "[w]hen a state court addresses both the independent state

procedural ground and the merits of the federal constitutional claim, the federal court

should apply the state procedural bar and decline to reach the merits of the claim." Marek

v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995); see also Alderman v. Zant, 22 F.3d

1541, 1549 (11th Cir. 1994) ("However, as here, where a state court has ruled in the

alternative, addressing both the independent state procedural ground and the merits of the

federal claim, the federal court should apply the state procedural bar and decline to reach

the merits of the claim."); and Cloud v. Deloach, No. 04-14890, 2005 WL 1994940 (11th

Cir. Aug. 19, 2005).  "Finally, the state procedural rule must be adequate; *i.e.*, it must not

be applied in an arbitrary or unprecedented fashion;" it must not "be 'manifestly unfair' in

its treatment of the petitioner's federal constitutional claim," Judd v. Haley, 250 F.3d at

1313; and it must be firmly established and regularly followed.  Cochran v. Herring, 43

F.3d 1404, 1408 (11th Cir. 1995) (citing  Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

    11.    In the memorandum opinion of the Alabama Court of Criminal Appeals,

which was the last state court to render a judgment in this case, the court found that

Petitioner had failed, under state procedural law, to properly present his claim for review

as required by the Alabama Rules of Criminal Procedure.  (Doc. 13, Ex. I).  Thus, the

appellate court did not reach the merits of Petitioner's claims which are now set forth in

Petitioner's habeas petition.[7]  As noted in detail above, the Alabama Court of Criminal

Appeals determined that Petitioner had failed to plead sufficiently in his Rule 32 petition

for post-conviction relief as detailed in Rules 32.3 and 32.6(b).  Rule 32.3 provides as

follows:

> [t]he petitioner shall have the burden of pleading and proving
> by a preponderance of the evidence the facts necessary to
> entitle the petitioner to relief.  The state shall have the burden
> of pleading any ground of preclusion, but once a ground of
> preclusion has been pleaded, the petitioner shall have the
> burden of disproving its existence by a preponderance of the
> evidence.

Rule 32.3, Ala. R. Crim. P.  Additionally, Rule 32.6(b) instructs as follows:

> [t]he petition must contain a clear and specific statement of
> the grounds upon which relief is sought, including full
> disclosure of the factual basis of those grounds. A bare
> allegation that a constitutional right has been violated and
> mere conclusions of law shall not be sufficient to warrant any
> further proceedings.

Rule 32.6(b), Ala. R. Crim. P.   Based upon Petitioner's failure to comply with the

Alabama Rules of Criminal Procedure, the court then dismissed his appeal.  (Doc. 13, Ex.

I).

---

[7]To the extent that it could be deemed that the Alabama Court of Criminal Appeals addressed the merits of Petitioner's Rule 32 claims in addition to applying a procedural bar, this Court has resisted the inclination to reach the merits in an attempt to follow the directives of Eleventh Circuit precedent.  See Marek v. Singletary, 62 F.3d at 1301-02; and Alderman v. Zant, 22 F.3d at 1549 ("However, as here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

12.     Based on the Court's review of these state court rules and the record of Petitioner's Rule 32 proceedings with respect to his claims, this Court is satisfied that the state procedural law was firmly established and regularly followed, and the procedural bar was fairly and non-arbitrarily applied.  See Burgess v. State, CR-02-0977, 2005 WL 2402672, *21 (Ala. Crim. App. Sept. 30, 2005) (Affirming trial court's dismissal of Rule 32 claim for lack of specificity and full factual pleading requirements, stating that "'[r]ule 32.6(b) requires that the *petition* itself disclose the *facts* relied upon in seeking relief,'" and explaining that it is not the pleading of a conclusion which entitles a petitioner to relief but instead the allegation of true facts.) (internal citations omitted) (emphasis in original); see also Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999); and Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993).   Therefore, Petitioner's habeas claims are defaulted in federal court pursuant to independent and adequate state procedural grounds.

13.     Where, as here, Petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) and Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("[a] defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for

and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095,

1107 (11th Cir. 1995) ("[i]f a state prisoner fails to raise a claim in state court, or attempts

to raise a claim in an improper manner, and state procedural rules preclude the state

courts from hearing the merits of the claim, then the federal habeas court is also precluded

from hearing its merits, absent a showing of cause and prejudice.").

      14.    Therefore, the next step of the Court's analysis is to determine whether

Petitioner has demonstrated cause and prejudice for his procedural default with regard to

his habeas claims. In order to obtain review of a defaulted constitutional claim, the

federal habeas petitioner must show cause for the procedural default and prejudice

attributable thereto. Murray v. Carrier, 477 U.S. 478, 485 (1986) (citing Wainwright v.

Sykes, 433 U.S. 72, 87 (1977)). "Cause" for a procedural default exists if "the prisoner

can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule," or that the procedural default was the result of

ineffective assistance of counsel. Id., 477 U.S. at 488. To establish "prejudice," the

petitioner additionally must show "not merely that the errors at his trial created a

*possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." United States v. Frady,

456 U.S. 152, 170 (1982) (emphasis in original). In the absence of a showing of cause

and prejudice, this Court may yet consider a procedurally defaulted claim if a

"fundamental miscarriage of justice" has "probably resulted in the conviction of one who

is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

15.     Through Petitioner's many pleadings, filed with this Court since the
beginning of this action on February 9, 2005, he has been afforded the opportunity to
demonstrate cause and prejudice for his default with regard to his habeas claims.  (Doc.
1).  Having duly considered Petitioner's petition and additional pleadings, as well as all of
the information contained in the court record, the Court finds that Petitioner has failed to
demonstrate, or even allege, that "some objective factor external to the defense impeded
[his] efforts to comply with the State's procedural rule," or that the cause for the
procedural default was the result of ineffective assistance of counsel.  Murray, 477 U.S. at
488.  Moreover, Petitioner has failed to show that he is "actually innocent," thereby
establishing that a fundamental miscarriage of justice would occur if this Court did not
consider these claims.  Id. at 496.  The Court is of the opinion that Petitioner has failed to
establish cause and prejudice as those terms are defined by law and has failed to establish
that a denial of review constitutes a fundamental miscarriage of justice.  Based upon these
facts, this Court has determined that Petitioner did not fully and fairly present his federal
habeas claims to the Alabama courts because, by refusing to comply with state procedural
rules,  he failed to invoke one complete round of the State's established appellate review
process.  Thus, those claims are unexhausted, and any attempt by petitioner to raise them
now in the state court would be futile.  See Ala. R. Crim. Proc. 32.2(a)(5) (barring relief
upon any ground which "could have been but was not raised on appeal"), Ala. R. Crim. P.
32.2(b) (barring a second or successive petition on any ground that was known at the time
that the first petition was heard);  Ala. R. Crim. P. 32.2 (c) (applying applicable statute of

18

limitations), and <u>Ala. R. App. P.</u> 39 (a petition for a writ of certiorari must be filed within 14 days of the decision of the Court of Criminal Appeals on the application for rehearing).   Therefore, all of Petitioner's habeas claims are procedurally barred in this Court and are due to be dismissed.

<u>**CONCLUSION**</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's request for habeas corpus relief should be denied.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of March, 2006.

<u>**s/WILLIAM E. CASSADY**</u>
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.    **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.